The next case is Janich v. Collins, 24-1944. Counselor Dunford, you have three minutes reserved for rebuttal. Yes, Your Honor. You may proceed. Good morning, Your Honors, and may it please the Court. The Veterans Court could only legally affirm the Board's denial of the Individual Unemployability Benefit if there were record-based findings that Mr. Janich could perform substantially gainful employment. The Veterans Court agreed that the Board's findings went beyond the record. In affirming the Board's denial, the Veterans Court therefore created a legally erroneous rule that allows the Board to deny individual unemployability based on its own say-so, that the work a veteran can perform is substantially gainful. The other Veterans Court legal error is misinterpreting Section 4.16 to say that the required analysis ends with a finding about physical or mental tasks that a veteran can perform. That's only the first step of the analysis. The regulation goes on to require a finding that those physical and mental tasks equate to a job that can produce income above the poverty level and is outside of a protected environment. Let me just tell you how I understand the relationship of the arguments and the lay of the land, and you'll tell me if this is right. So the question whether the jobs that the Board mentioned were high enough pay, the government says that that is a question that the Veterans Court did not rule on because it was not fairly presented. There's one sentence in the summary of the argument in your brief to the Veterans Court, but the point of whether the pay was high enough was otherwise not argued, and therefore you just don't find that any question about proving a level of pay under 4.16 in the Veterans Court's opinion. There's no implicit legal ruling, no explicit legal ruling. So put aside the question of the amount of pay. What there is is a statement in the Board's opinion after the kind of generic analysis, I don't mean generic, non-job-specific analysis of physical abilities and mental abilities, and the Board concludes Mr. Janich has had the ability and then says, and here are some examples, and the Veterans Court says that you say once the Board identified examples of jobs he could do, without regard to whether they were high enough paying, just jobs he could do, it had to have concrete evidence, and the Veterans Court said, well, we don't really need to decide that because the Board never really had to give the examples at all. That second point is to me the kind of interesting one because I think there's a fair bit to be said for the proposition that the level of pay issued you just did not fairly present to the Veterans Court, and so it didn't say anything about it. So can you just focus on that? What was wrong with what the Veterans Court said? I guess this is really appendix page 13 about in these, I don't know, it's really two paragraphs. What was wrong with what the Veterans Court said there? It said that even if the Board didn't provide support for its findings about what jobs are substantially gainful and can be performed by Mr. Janich, even if that's the case, like Your Honor said, it didn't have to because Smith said the Board is under no legal obligation to identify jobs in the market. This isn't about the existence of jobs in the market. It's about a review of a finding that the jobs as identified by the Board could be performed as Mr. Janich could perform them at a substantially gainful level. I do want to briefly dispute the notion. Right. I mean, I keep separating off the substantially gainful because that's not in these two paragraphs, and I think it's not really in, what is it, argument D in your brief? I mean, I think you kind of, well, I don't think you really presented to the Veterans Court an argument about the level of pay. I mean, I think level of pay is case. That's just my shorthand for substantially gainful. Well, I would respectfully push back on that a little bit because that's the case law's gloss on an element of what substantially gainful means. What we have the Board here doing is saying these are jobs he can perform, jobs with limited social interaction that wouldn't exacerbate his limitations, and then here are examples of those jobs. And the summary of the type of job followed by the illustrative example was essentially dispositive to the Board. And where the Veterans Court goes wrong is to say that even when it's dispositive to the Board, there doesn't have to be record support for that finding because of Smith. And Smith did not even deal with this question of evidentiary support. It was a duty-to-assist case about going out and finding evidence about the existence of jobs in the market, which is not what we're talking about here. We're talking about the Board essentially, and here I want to, we're not asking for review of any factual findings, but we have the Veterans Court agreeing that the Board had no problem with the evidence Mr. Janich submitted, and that included evidence that someone with his limitations is incapable of substantially gainful employment. The Board was fine with that evidence, and the Veterans Court specifically acknowledged that the Board had no issue with the competence, credibility, or probative weight of that evidence. Instead of finding some intrinsic defect in that evidence, finding that Mr. Janich did not meet his burden, the Board took it upon itself to essentially invent something that got around, because of the Board's specificity, what Mr. Janich presented. It said, well, we think there are these jobs that have these requirements that he could perform, therefore individual unemployability, which I'll refer to as TDIU, is denied. And so the Board didn't have that obligation, but it took it upon itself to do so, and no one has pointed to any record support for those findings about what jobs Mr. Janich purportedly could have done. I'm confused about what the issues are that are in front of us. At page 13 of your gray brief, I read you to say there's no dispute that Mr. Janich can do a job with requirements equal to his daily activities. Is that undisputed? Yes, and the problem, though, is the question at issue is can he do substantially gainful employment? And that means an income level and not protected from the competitive economy. Is that what you mean by substantially gainful? Right, and that argument, that gets into the second argument, which is that the Veterans Court also said on Appendix 13 that the required analysis ends with a finding that a veteran can do certain things. And here we have Board findings about watching television, going to the gym, et cetera. The problem is that the second step is can a veteran with this veteran's limitations and capabilities perform substantially gainful work? If, just for the sake of argument, if I don't think you preserved a challenge to the amount of money that would be earned from a particular job, and, again, you've conceded he can do a job, whatever it is, equal to his daily activities, then what issue is in front of me? How do you win this case, nonetheless, if the money question isn't in front of me? We win because we have a Veterans Court ruling that a dispositive board factual finding can be unsupported by record evidence. Why would one not read this page in the Veterans Court opinion to say that that mention, the sentence in, I guess it's on page 71 of the appendix, that begins with additionally, it's not actually dispositive, kind of icing on the cake. Because as we discussed in the great... The Veterans Court doesn't say that, what I just said. Exactly. Why would we not read it that way, anyway? Well, as we also said that in the great brief, that the Veterans Court did not read it that way. It ruled based on its misinterpretation of Smith. But additionally, as we argued in the great brief, the illustrative examples expand on that prior paragraph. The gist of that prior paragraph is that the veteran can do work that involves limited social interaction, because social interaction would exacerbate his social impairment. And then it goes on to say, these are the kinds of jobs that are like that, because they don't involve constant supervision, they don't involve a lot of social interaction. So it's a holistic analysis which... So would one way of describing this be as follows? When you start at, I don't know, page... I'm now looking at the board opinion. There's a lot that leads up to this, but they're then on page 70, as it relates to mental capabilities, and the next paragraph as to the veteran's physical capabilities. And then... Right, and those two are about capabilities, but they haven't yet connected it to work. Exactly. And then the summary accordingly, now it's starting to talk about work, jobs, with a couple of additionales. And so the additionally that has the key sentence about warehouse worker, assembly line worker, or custodian, is actually an important part of the analysis, because it ties task capabilities to work. Yes. Okay. And the similarity of the task capabilities for work in those two paragraphs is what ties it together. So it's really all one analysis there, despite the additionally, which is... I think we're reading... We're making that additionally do a lot of work to say that this is just an afterthought here. You're into your rebuttal time. I will reserve the remainder of my time. Okay. Counselor Toomey. Yes, thank you, Your Honor. Good morning. May it please the court. The court lacks jurisdiction over this case. This appeal challenges the board's factual determination that Mr. Yannick was capable of securing a substantially gainful occupation. It's well established that this court may not review challenges to factual determinations or challenges to the application of lot of facts. In this case, the board thoroughly discussed the totality of the evidence in a detailed 25-page opinion. Let me just... I mean, I think, as you've probably surmised by now, to me, what's in front of us comes down to two paragraphs on page 13. And it's not at all clear to me why there isn't a legal conclusion that is being asserted there, namely that because under Smith, there is no obligation on the part of the board to determine availability of particular jobs in the market, that it doesn't matter. As a matter of law, it is harmless whatever the board said about particular jobs. That seems like a legal proposition, a legal proposition about harmless error and maybe about concrete evidence that is at least before us to consider whether it's correct or not. The reason why I disagree with that characterization of the Veterans Court opinion is because in the paragraph right below, on the bottom of page appendix 13, where the Veterans Court explained that the board is only required to assess the appellant's educational and occupational history, skills, training, and whether he has the physical and mental ability to perform tasks required by an occupation, and that given that the board found that the appellant has the physical and mental abilities to perform tasks with limited interactions with others, it's applied to requisite assessment, and this finding is not clearly erroneous, given its plausible nature. To me, it looks like the Veterans Court recognized that the board's obligation is to assess the capabilities, the mental, physical capabilities, the educational background, the skills, and job history of the veteran to determine whether they're capable of a substantially gainful occupation, and because the board did that in this case, and it's clear from reading the board's opinion that it did carefully assess his employment background, his mental capabilities, physical capabilities, it performed the required assessment. Did the board conduct an analysis of the practicality of whether the jobs that they were looking at are substantially gainful or not? Well, I don't think the board made a specific finding as to those particular example jobs, in part because the board recognized that those example jobs were merely illustrative of potential occupations and not exhaustive. But if we were to find that that is the case, if there was no analysis, that would be a legal question, wouldn't it? Well, I think it could be if the court was to require a specific finding about whether particular jobs are substantially gainful. If that's required as a matter of law, that would be, I think, appropriately characterized as a legal issue. But in this case, there is no obligation to identify specific jobs as part of a TDIU determination, and the appellant recognizes that. It's not required. And I just don't think below there was an issue that was raised about whether these jobs were above the poverty line or not. Are you saying that the term substantially gainful, that that has no meaning? No, it has a meaning. It's just that the meaning was not in dispute below. I think the parties recognized what that meant below. And then to identify an issue about whether there needs to be a finding about a poverty level on appeal, I just don't think that it was fairly raised below. The board did, I think, address the economic and non-economic aspects, including the poverty determination. In some way, in the opinion, at the very bottom of page 72 in the appendix, the board explains, in accordance with the court's holding in Ray, the board has considered the economic and non-economic components of the veteran's TDIU claim. And then if you look at what Ray says, in Ray, the Veterans Court explained that the economic component simply means an occupation earning more than marginal income outside of a protected environment. And the board recognized that requirement. Is the expression more than marginal equal to above the poverty level? I think it is used as a substitute for that phrase. But I don't think there was any dispute below about poverty-related issues. Mr. Yonick's argument to the board was that he could not perform any occupation. And he had a vocational assessment presented to the board that opined that he was incapable of any social interaction necessary to sustain any job. There wasn't a dispute about whether he was on the border of being able to perform work above or below the poverty line. That was just not part of the issues that were raised at the board. Putting aside the question of amount of pay, explain what you think is the role in the board's opinion, 70 to 71 really, of those illustrative examples. I think the role of them is to provide helpful information to the veteran. After doing the required legal analysis of assessing the veteran's physical capabilities, mental capabilities, jobs, training background, all of the work that's required to be done to come to the determination that he was not precluded from substantially gainful occupation, I feel like the board wanted to provide further guidance to help him identify what additional jobs he might be able to do, even though it's not required, even though it's not legally required. And that's what the board did here, to just try to be helpful. And now it's turned into an issue. I guess I'm not going to be able to say this as precisely as will be helpful, but I guess I can imagine a situation where the board, as fact finder, is thinking about the generic abilities to perform tasks. It's pretty convinced that the veteran can perform a bunch of different tasks, physical capability, mental capability, but it hasn't yet reached a conclusion that there are the right kind of jobs that go with that. And so an identification, I can imagine, of particular jobs might actually be important to the fact finders if it's reaching the crucial finding of fact. And because that's a possibility, I guess I worry that the language in the Veterans Court opinion, I'm now switching over to 813, seems to say, well, because it is not always necessary to give individual examples, any defect in the giving of individual examples must be harmless. That doesn't seem right. Well, let me try to explain my views on that. I think as to this particular case, there was no requirement to identify particular jobs, even if there might be in other cases where there could be a dispute about whether specific tasks really do have an occupational translation. To look at what the board found as the physical capabilities, there was no- Right, I guess I'm really interested far more in what the Veterans Court said than in what the board said, except insofar as what the board said informs what the Veterans Court meant. Where in these two paragraphs on page 813 do you think the Veterans Court most clearly said, we think that the board actually independently reached its conclusion about substantial gainful employment before considering the illustrative examples? I think the most likely place for that is in the block quote. You're quoting your brief. Right, well, the block quote, it's quoting the Secretary's brief. Isn't that you? It was not me, no. No, no, you are always the client. Right, right, yes, yes, it was from the Secretary's brief at the Veterans Court. And this doesn't specifically identify the timing of where in the board's decision the factual finding was made, but it does talk about how the board provided the required assessment of the appellant's physical and mental capabilities. And to me, it seems like that is what the Veterans Court agreed that that's what the board did, that it performed the required assessment. And so, therefore, any additional discussion about particular occupations was superfluous, maybe icing on the cake, but not required. I think that's what we have here. Isn't the Veterans Court over-reading Smith, though, in saying essentially all the board has to do is determine what tasks the veteran is capable of, and then you're basically done? I don't think so. And I know the argument has been raised in the appellant's brief that the board read the substantially gainful requirement out of the analysis, but if you look at the very first sentence of the Veterans Court's discussion of TDIU on Appendix 11, the very first sentence says, TDIU will be awarded by the board, quote, when a veteran cannot secure or follow a substantially gainful occupation. And to me, it seems like the Veterans Court recognized the substantially gainful requirement and determined that it had been met. And the board clearly recognized that requirement. Is it enough, though, just to itemize the tasks that the veteran is able to do, and then anything else is just icing, and so if you make a mistake on anything else, it's harmless? No, I don't think that's enough. I don't think it's a task-based assessment. I think the Veterans Court and the board explained that there's more to it than simple tasks, that there's an evaluation of whether the service-connected disabilities preclude a veteran from following substantially gainful occupation, and that involves a holistic assessment of the veteran's educational background, physical capabilities, employment history, skills, training, education, and that's what happened. So let me ask you this. Would you agree it is a question of law within our jurisdiction whether under 4.16 and Smith, it's enough for the board just to itemize tasks without doing the rest of those things? It sounds like a question of law to me. Right. I mean, I think framed that way, it is a question of law, but as applied to what happened in this case, to me, it seems like a dispute about the factual finding of a TDIU determination. Neither the board nor the Veterans Court said that a task-based analysis is enough. I think to look at one sentence of the board's opinion that does not include the word substantially gainful or the Veterans Court opinion that does not include the word substantially gainful, but then you see it referenced clearly in the very beginning and throughout the opinion, there was a recognition of this requirement, and the Veterans Court didn't change the legal landscape of TDIU by reading that out, by taking that out in this case.  I have one other question for you.  On whether the amount of income question is in front of us, I see in footnote 4 on page 24 of your brief you say that he didn't argue that below, and therefore it's waived. Do you make that argument elsewhere in your brief? Because I'm sure you know we have cases that say if you just raise something in a footnote, then we tend not to give you credit for it. Well, to be honest with you, from reading the opening brief, I couldn't tell if that argument was really being made or not. And so I addressed it, and I thought in an appropriate, responsive way, basically to the extent that this argument is being raised for the first time, it's been waived. That's, I think, the only place in my brief where I mentioned it. But I was trying to address it, commensurate with my understanding of how it had been raised in the opening brief. And I just don't think it was raised below. That's why the Veterans Court didn't address it. And there was no dispute. I don't think there was any dispute at the Board about marginal income or poverty levels because the entire basis for Mr. Yonick's argument was based off of a vocational opinion that said he couldn't, upon that he couldn't perform any work. Would it be right to say that on the question of adequacy of pay, forfeiture here, there are kind of two sides to the same coin, not made below, and kind of independently, no legal ruling by the Veterans Court. And in the absence of a legal ruling, we don't get to speak to it. I think that's exactly right, yes. If there are no further questions, we respectfully ask that the Court dismiss or affirm. Thank you.  I want to first address Judge Taranto, your point about identified jobs might possibly be key to the factual finding and the conflation by the government of whether they're legally required and whether they need to be supported by evidence. If they are key to the factual finding, as they were here, a reviewing court simply cannot affirm an administrative tribunal's factual finding that doesn't have record support in the evidence. And that is the case under the statutes that govern the board's factual findings and the Veterans Court review of those findings. But it could, I'm sorry, but a court can say that error might be harmless. It could, but it can't do so on a misreading of the law as it did here, especially where it was key to the ultimate determination of entitlement, as it was here. Just a quick point on the amount of pay issue. It is one part only of the substantially gainful analysis. And when parties in the Veterans Court engage in a conversation about substantially gainful, it implicitly encompasses amount of pay and work outside of a protected environment because the regulation spells those two things out as the components of substantially gainful, and the Veterans Court's case law has expanded on that. So the argument that the board needs to make findings about the components of substantially gainful and not just make an assessment of tasks was raised to the Veterans Court, and particularly it was re-raised in the motion for reconsideration on pages 18 to 19 of the appendix. Key ultimately is he submitted evidence, Mr. Janich submitted evidence, that he could not perform substantially gainful employment with his limitations. The board said no because here are jobs that are substantially gainful, and the Veterans Court affirmed that finding. And to affirm the Veterans Court, this court would have to say that it's okay for there not to be record evidence supporting those findings. Is your view that the error was there's no evidence supporting a substantial employment finding or that the error was just that the analysis was never done at all? It was the Veterans Court's holding that it was harmless as a matter of law that the board didn't support those findings because of its over-reading of Smith. It's of no moment whether the board is required to identify jobs if it does do so and makes that dispositive. Once it does, it needs to support those findings. So we would ask the court to vacate and remand for the Veterans Court to apply the correct law to its review of the board's decision. Thank you. Thank you. That concludes today's arguments. This court now goes into recess.